**Terry XYDAKIS, on behalf of himself and all other persons similarly situated, Plaintiff,**

v.

**TARGET, INC., d/b/a Marshall Fields, Defendant.**

**No. 02 C 8435.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 1, 2004.

John Stephen Xydakis, John Xydakis Attorney at Law, Chicago, IL, for Plaintiff.

Joseph R. Marconi, Jeffrey Allen Hammond, Johnson & Bell, Ltd., Chicago, IL, for Defendant.

*MEMORANDUM OPINION AND ORDER*

MORAN, Senior District Judge.

On July 2, 2004, we denied plaintiff's motion to reconsider the dismissal of his claims He subsequently filed a second motion to reconsider that dismissal or alternatively to dismiss the claims for lack of

subject matter jurisdiction. For the following reasons, that motion is denied.

This case is illustrative of the fact that the federal courts are of limited jurisdiction and that a plaintiff can sail up on the reefs when he seeks to make a federal case out of a state law claim.

Plaintiff originally filed suit on behalf of a nationwide class of all persons who were unable to purchase a product advertised by Target, Inc. during an indeterminate time because, during the sales period, the product was not in stock. While he sought damages for the class, he also asked for injunctive relief and described the class as a Rule 23(b)(2) class. This was undoubtedly because his claim rested only on Illinois law, he sought to invoke diversity jurisdiction, and it was obvious that his damages did not exceed $75,000. In most class actions in federal court that jurisdictional threshold does not pose a problem because there is some federal claim, but here there was none.

In the subsequent skirmishing about the scope of discovery, we noted that the monetary claims made reliance upon a Rule 23(b)(2) class misplaced. Plaintiff then amended his complaint so as to seek equitable relief alone. We then dismissed the complaint in its entirety, finding that plaintiff failed to allege that he was actually harmed by defendant's conduct, as is required by the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA).

Plaintiff's contention that we have placed him in a "Catch-22" is unconvincing. As we alluded to in the September 9, 2003 order, Rule 23(b)(2) is not the proper tool for plaintiff to use in seeking to recover damages, but rather a vehicle for seeking actual injunctive relief for a large class of wronged plaintiffs.[1] Plaintiff made a conscious choice to pursue his claim as a class action rather than to seek damages arising from defendant's alleged violations of the ICFA. In so doing, he essentially pleaded himself out of court—the ICFA allows only those individuals actually damaged by consumer fraud to bring a claim.

Nothing in this or previous orders prevents plaintiff from turning to state court to seek recovery for his actual damages (which he admits fall well short of $75,000) under the ICFA nor prevents defendant from relying upon the orders here for whatever preclusive effect they may have. We dismissed the amended complaint because, in choosing not to allege damages, plaintiff failed to state a claim for relief.

Plaintiff also contends that any dismissal should have been for lack of subject matter jurisdiction. He claims that the injunctive relief sought did not reasonably have a value in excess of $75,000, although he had alleged that it did. That he must allege actual damages to survive a motion to dismiss is a creature of state law. Whether or not it can reasonably be claimed that the amount involved in a claim for equitable relief exceeds $75,000 is a matter of federal law. In the First Amended Complaint the class alleged is the same as before, and the claim would implicate the records of every Target store in at least the United States for a number of years. An effort to comply reasonably (indeed, undoubtedly) would entail costs in excess of $75,000. And that confers subject matter jurisdiction over a case that cannot survive a challenge based on state law. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 609

---

1. Possibly a class representative could seek only his own damages in a Rule 23(b)(2) class action—we have not considered that—but a class representative could not properly say he wanted to be paid, but because he preferred to litigate in federal court no one else in the class should get that relief.

(7th Cir.1997), as recently followed in *Tropp v. Western–Southern Life Insurance Co. d/b/a Western Southern Financial Group,* 381 F.3d 591 (7th Cir.2004).

## CONCLUSION

For the foregoing reasons, plaintiff's second motion to reconsider is denied.